UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

James J. Silva and
The Inmates of The I.S.C. et. al.

vs.

R.I. Dept. of Corrections
A.T. Wall (Director)

CA 05 008T

C.A. No 77-0083
85-0110

*** PETITION FOR WRIT OF MANDAMUS ***

Now comes the Petitioner, James J. Silva (pro se) and pursuant to applicable Rules, Statutes, and Authorities, seeks issuance of a Mandamus Writ, in this Honorable Court for the purpose of directing the Rhode Island Department of Corrections to comply with the provisions of A "Dismissal Agreement" pursuant to (C.A. No. 77-0083 & 85-0110) Stipulated to as RIDOC Policy NO. 13.03. "Access to the Courts and Legal Materials".

At present, Inmates housed at the A.C.I. Intake Service Center, are unable to access the Courts and the necessary legal materials stated in said Dismissal Agreement; and forcing inmates active in their causes to lose legal options and rights under Federal and State Laws.

Insupport of this Petition, a Memorandum of law is attached hereto and will be further argued in open Court.

~~December 1st 2004~~
January 2nd 2005

Respectfully Submitted
James J. Silva
prose
A.C.I. Cranston R.I.
02920

James J. Silva. 66350
I.S.C. I-12-Bottom
PO. Box 8249
Cranston RI
02920

"A"

In the United States District Court

For the District of Rhode Island
(Form mailed ____________, [redacted] )

James J Silva and
The Inmate Population at The
I.S.C. et, al.

/Enter above the full mane of the plaintiff or plaintiffs in this action. /

CA 05 008

v.-

Civil Action No. ____________

Deputy Cruso and A.T. Wall
Director of Prisons et, al,

77-0083
85 0110

/Enter above the full name of the defendant or defendants in this action/

1.- Previous Lawsuits

A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?
Yes /__/ No /✓/

B. If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1. Parties to this previous lawsuit

Plaintiffs: ____________________

Defendants: ____________________

2. Court /if federal court, name the district; if state court, name the county/: ____________________

3. Docket number: ______

4. Name judge to whom case was assigned: ______

5.- Disposition /for example: Was the case dismissed? Was it appealed? Is it still pending?/: ______

______

6. Approximate date of filing law suit: ______

7. Approximate date of disposition: ______

II. Place of Present Confinement: A.C.I., I.S.C. Cranston RI.

A. Did you present the facts relating to your complaint to The Warden or any of the prison officials?
Yes /✓/ No / /

B. If your answer is YES:

1. What steps dis you take? See enclosed Notice and Memorandum.

2. What was the result? Nothing.

______

C. If your answer is NO, explain why not: ______

______

III. Parties

/In item A below, place your name in the first blank. Do the same for additional plaintiffs, if any./

A. Name of plaintiff James J. Silva

______

/ In item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use item C for the names, position, and places of employment of any additional defendants./

B. Defendant A.T. Wall is employed as The Director of Prisons at Administration Building "A"

C. Additional Defendants: Deputy Caruso I.S.C. PO Box 8249 Cranston RI 02920

______

IV. Statement of Claim

State here as briefly as possible the facts of your case. Discribe how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. /Use as much space as you need. Attach extra sheet if necessary./

The Department of Correction was deficient and not up to Policy in/re to inmates access to the Courts. Peter Leblanc at the time a prisoner filed a civil action which was dismissed upon a stipulated agreement to correct deficiencies.

Peter Leblanc left the institution and nothing was done. For behalf of the Inmate population filed this writ of Mandamus to force the D.O.C. to comply with its stipulated agreement.

V. Relief

State briefly exactly what you want the court to do for you.

Make no legal arguments. Cite no cases or statutes.

- We now have 1 working Typewriter for over 600 inmates.
- I have only been able to get Copies twice since July 29th 04
- Mishandled legal mail
- No paper - white out - Typewriter ribbons etc are available if the LT is not in his office.
- The law cart for segregation is not used properly.
- The prohibiting of computer printed legal materials being mailed in to pro/se litigants.

Stop Arbitrary enforcement of and oral Amendment of D.O.C. policy that is contrary to R.F. Gibbons.

VI. NOTE: **Should _u fail to execute and ret_n this form within ten days from the date of mailing as recorded on pace 1, this Court will conclude you have abandoned your claim and will dismiss your petition.**

Signed this ______________ day of ______________, [redacted] 2004

James J Silva 66530
I.S.C. D-209-Bottom
P.O. Box 8249 Cranston, RI 02920
/Signature of plaintiff or plaintiffs/

VERIFICATION

State of Rhode Island )
)
County of Providence )

I, James J. Silva, being first duly sworn, under oath, says: that he is the plaintiff in this action and knows the contents of the above complaint; that it is true of his own knowledge, exceptas to those matters that are stated in it on his information and belief; and as to those matters, he believes them to be true.

______________________________
/Signature of plaintiff

Subscribed and sworn to before

me this ______________ day of ______________,
2004 [redacted] ______.

______________________________
/Notary Public or other person authorized by law to administer an oath/

Dear clerks
No one will notorize documents for me

J Silva

***NOTICE***

Rhode Island Department of Corrections

Director A.T. Wall, et,al

In Re: Access to the courts and legal materials DOC pol 13.03

To All Concerned, MR. A.T. Wall,

Pursuant to the above stated policy and related controlling legal authorities, this inmate claims that he is currently being denied access to the courts and the adequate, updated legal materials necessary for: a pro se defense; post conviction relief; collateral attach of institutional discipline; taking a pro active part in ones defense with an attorney; and to ensure effective assistance of counsel during the very critical, and small time window given to probation and parole violators whom will meet their court appointed attorneys moments before a hearing. Under the present operating conditions in place at the ISC, this inmate claims that unreasonable restrictions, and obstacles such as unannounced lock downs, commissary orders, and feedings are conflicting with the already very limited time allotted for the law library, etc... These and other issues are preventing him full and proper access to legal materials. Similiar arguments are highlighted in Gluth v Kansas 773 FedSupp. at 1311 (3).

Furthermore these concerns were first brought to the attention of the Director on or about July 2, 2004 by Peter LeBlanc on behalf of the population of the ISC, and as of this date (little or ) nothing has been done to improve conditions nor has a response been received.

**PLEASE TAKE NOTICE:** This is a prelude to a civil action seeking a declaratory judgement, injunctive relief and or a U.S. District Court 1983 Prisoners Rights Action.

Allparties have been Sewed.

***NOTICE***

Further, this inmate states that mis-application of DOC policy 13.03 handicaps him in complying with applicable court orders and administrative rules, statutes, and authorities.

For example: RIGL §12-19-9 which holds among other things that a probationer can be given a revocation hearing within (10) working days, that is absent delay on his part (State V LeBlanc 687 A2d 456). When filing a direct appeal to the RI Supreme Court, and responding to most US District Court orders and motions we are also under a (10) day window.

Current limited access combined with other handicaps prevents a timely, effective collateral attack.

Additionally provides that copy requests may take up to (10) or more days depending on availability pol.13.03 pgs (5)(a)(b). Here inmate brings to light several points.

A- Copies are available Tues. and Thurs. only.

B- Copies are sometimes unclear- too light- too dark- or simply inadmissable as evidence and we are still charged.

C- Copies are not timely to comply with rules of procedure. Copies should be made available 7 days a week as in other facilies across the country.

D- Law library should have substantial hours to provide access to legal materials and not subject to lock downs and other conflicts with schedule, i.e., feedings, and store orders, etc. Currently the library is open for 4 hrs and 45 min. during a 16 hour day (two 8 hr. shifts from 7a.m. - 10p.m.)

***NOTICE***

Additional handicaps; hinderances; and points of concern:

1) The ISC currently has only one (1) working typewriter. Ribbons, white-out, highlighters, and hole punch,etc.. are only available "if" the Lieutenant is in his office. Note: Maximum Sec. has (5) and Medium Sec. has (6), AT LEAST.

2) Up to 116 inmates at a shot vie for the 5 slots alloted per scheduled visit period, in a room with 333 sq ft of usable space.

3) The ISC has no contingency plan in place for mechanical break downs of copy machine or typewriter.

4) Some inmate law clerks do not meet the minimum skills requirement called for in DOC policy 13.03, page 7, D1,2.

5) There is also no pool of trained law clerks per policy @ page7,D1-2. As newly trained law clerks enter the pool, it is quickly drained as they get sentenced and move on to another building. As the ISC is an "awaiting trial facility" equivalent to a county jail in other states, the present policy should have foreseen and accounted for some type of contingency as implied in DOC policy 13.03

where it is encouraging "Local Experimentation". This has resulted in no "continuity" at all, of any degree of up-keep and maintenance of library materials, + It is in constant disarray.

6) Similiar points are highlighted in Gluth v Kansas 773 Fed Supp @ 1311 (3). "Also Gluth at (2) supra, " The blind leading the blind into oblivion". The ISC is where an inmate needs legal assistance MOST, and an adequate, effective legal library, **prior to conviction**, to preserve his constitutional rights. IS A MUST.

7) As of January 2004 the ISC seg unit was brought into compliance with policy and law. However, the seg carts are not physically in each unit, nor is there a notice "conspicuously posted" advising detainees of it's existance and that they can request assist-

***NOTICE***

ance from law clerks. Before law carts are of any value an inmate must be aware of their existance. See Flint v Mullen 372 Fed Supp 1973, U.S. Dist. Lexis 10493 Pge 8.

8) The legal research class is a cursory 5 hr. course, where participants are only given a one page flow chart upon graduation to remember the class by. There are no quizes or final exams, thus ensuring that inmate law clerks "shall not perform actual research and preperation of case work for other inmates", DOC policy 13.03 page 3- D, 3. How could a pro se detainee ever effectively mount a defense or write and file a writ?

9) The basic research materials are very limited and do not contain some of the essentials needed for research. To name a few:

- Shepards Citations
- Am Jur 2nd
- CJS
- ALR
- US Supreme Court Reporter
- Atlantic Digest

10) In-adequate research upon request. The central law library has just recently switch it's online subscription service from West's Law to Lexis. This will make cross referancing from our current digests and treatises that also use West's key codes, very difficult if not impossible. DOC policy 13.03 page (4), 5, b specifically names West Law as "information the staff law librarian must retrieve".

11) We are being charged ¢.05 a page to peruse case law only to realize it isn't on point. This is not only a 10 day hinderance to our reasearch and a delay in our case, but a waste of our money.

*****NOTICE*****

12) Clerks are prohibited from wtiting or assisting other inmates with motions for the courts while the copy machine is inoperative for weeks at a time. Other facilities such as maximum security allow not only clerks to assist others as long as it's in the law library, OTHER INMATES CAN ASSIST.

The issues described within are only a sample of the most serious and obvious. In the interests of time and without unecessary delay, this inmate on behalf of all present and future inmates seeks to resolve and correct these defects diplomatically.

Communication, negotiation, and mediation are an intelligent man's sensible and economic substitute for unnecessary litigation.

**NOTE:** As I type this Notice/Complaint, the ISC copy machines are in dis-repair again. We are told that the reason that the copies continue to break -down is due to the humidity in the room where it is located. I am sure a dehumidifier or a room change would solve this problem at little or no extra cost.

Respectfully Submitted,

James J. Silva, et.al
ID# 66350
ISC, J-Mod 12B
PO Box 8249
Cranston, RI 02920-0249

Dated: Sept. 24/04

Certification

I, James J. Silva, do hereby certify that on this the ~~9th~~ 27th day of September, 2004, I did mail a true and accurate copy of these documents/notices to the following:

- A.T. Wall, Director of the ACI
- Legal Counsel for the ACI
- Warden Cudworth, Warden of the ISC
- Priscilla Jenison, Law Librarian
- Kristen Williams, ACLU
- Representative Joseph Almieda, Chairperson for Prison Oversight Committee

James J. Silva
James J. Silva

*** Additional Affidavits to the above stated issues and others are attached.

Affidavit in/re to Plaintiff's Point of Concern #7

7) Continued- I just spent 20 days in segregation from August 12th thru Sept. 1st 2004. I saw no signs posted stating policy or access to the law cart, so I asked the 1st shift officer. He told me it was the 2nd shift officer's responsibility. I then asked the 2nd shift officer who then told me that we do not do the cart anymore. When I explained to him that the ISC was compelled in January to comply with policy, he then spoke to a Lt. and then told me that the DOC at the ISC only allows the law carts on Thursdays on 2nd shift.

I submitted a request slip asking for a law clerk's assistance and copies of my pro se motions intended for the 6th District Court . On a wednes day evening the 2nd shift officer (c/o Raposa) told me to see her as soon as she came on the next day (Thur sday) and she said that she would take care of my legal requests. The following day when I finally got her attention, she handcuffed me and brought me into a hallway conferance room where a law clerk was waiting.

He did not seem to be properly trained, nor legally knowledgable as he kept asking what books the statutes that I was refering to were located in. But he did say he would get my copies back to me in one hour.

When I asked c/o Raposa for law books and a law cart she said I could not have books in my cell because inmates had been ripping pages out of the books . She also told me I could not have envelopes, writing pad, pen, or the other materials that I requested from the law library's stock, which I had to request from Lt. Santos being that I am indegent.

I did not get my copies in an hour and after several days I found out: (1) C/O Raposa went on vacation; (2) the law clerk ended up in sgregation himself. I then filed a request slip to the segregation Lt. explaining the situation in detail, and I got this immediate response from the 2nd shift Lt.: Your case is currently under review. Access to the courts DOC policy 13.03 does state that an indegent inmate is allowed to go into debt for legal copies, however, over the last 2 and 1/2 years you have received approx. 22,000 copies and are in debt to the State of RI in the amount of $1,098.00 for copies and postage.

DOC Policy 13.03 does allow your request to be denied by the warden if your requests are deemed to be unreasonable (voluminous or repeat). I have submitted your request for review. When the warden responds to me, I will respond to you. **"This delayed my access to the courts".**

I later found out that my pro se motions and my request slip were simply left to founder in procedural morass on a desk somewhere.

**note:** There was no Lt.s' signatures, titles or dates on this request slip.

I then followed it up with this one: Lt.? Thank you for your swift response of 8-23-04. #1- This is a new case (6204-14367), so nothing in my first request is"repeat". #2- if as you say that I've had 22,000 copies in the last 2 and 1/2 years, how could a request for 36 copies (on a new case and new commitment to jail) be considered "voluminous"?

Affidavit Continued

As for your suggestion that I wait for the Wardens review? "No thank you"; please return my pro se motions to me "immiediately". I will file them with the court and hand write copies on toilet paper if necessary, and please sign your name, title, and date this time. That way I'll know how to refer to you in the event that civil action needs to be taken.

Later that day my legal waork and pro se motions were returned to me. Only this time not only did I not get my request slip signed, I didn't get either of the slips back.

I received no: envelopes; writing materials; or assistance from law clerks, even though I was indigent; pro se; and in segregation. I was also denied the law cart, which I now found out that it is **Brand New** and **Unused** to this very date. But I did manage to file my motions on toilet paper, and I also informed the US District Court as to what may be forthcomming.

You need to see to it that the DOC here at the ISC complies not only with Policy #13.03 but all other policies that they are **deliberately indifferant** towards.

James J Silva

Thank you.

Respectfully Submitted,

James J. Silva ID # 66350
ISC J-12B
PO Box 8249
Cranston, RI
02920-0249